IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

CHRISTOPHER WILSON                                              PETITIONER

V.                                                        NO. 2:10CV196-P-S

CHRISTOPHER B. EPPS, et al.                                    RESPONDENTS

**MEMORANDUM OPINION**

This cause comes before the court on the petition of Christopher Wilson, inmate number 114610 for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After due consideration, the court finds that Respondents' motion to dismiss shall be granted and the petition dismissed with prejudice.

*A. Factual and Procedural Background*

Wilson was convicted of murder in the Circuit Court of Coahoma County, Mississippi. He was sentenced to life imprisonment. On May 15, 2007, the Mississippi Court of Appeals affirmed Wilson's conviction and sentence. *See Wilson v. State*, 956 So. 2d 1044 (Miss. App. 2007). Following the denial of his appeal, Wilson failed to file a motion for rehearing or seek discretionary review in the Mississippi Supreme Court. *See* M.R.A.P. 17(b) and 40(a). He, later, filed a motion for leave to seek post-conviction relief with the State Supreme Court on February 10, 2010. The Supreme Court denied the motion. Wilson, thereafter, filed a second application to proceed on May 12, 2010, asserting a new evidence claim. The application was denied on July 15, 2010.

*B. Discussion*

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation:

> (d)(1) 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

Under Mississippi law, a defendant is allowed fourteen days after a decision is rendered to file a motion for rehearing. M.R.A.P. 40(a). Since Wilson failed to pursue a motion for rehearing, the appeals process was stopped. *See Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003); *Duplantis v. Booker*, 273 F.3d 392, 2001 WL 1013067 at **1-3 (5th Cir. 2001). Thus, Wilson's conviction became final fourteen days after the Court of Appeals affirmed his conviction on May 15, 2007. In the absence of any further review, Wilson's sentence and conviction became final on May 29, 2007, the date on which his time for seeking further review in state court expired.

Wilson, therefore, had one-year or until May 29, 2008, to seek federal review of his judgment or "properly file" an application for post-conviction relief in state court to toll the limitations period. 28 U.S.C. § 2244(d)(2). Wilson did file a petition for post-conviction relief in the Mississippi Supreme Court on February 10th and again on May 12th, 2010. The state petitions, however, were not filed on or before May 28, 2008, and he, therefore, may not take advantage of the AEDPA's tolling provision. *See Starns v. Andrews*, 524 F.3d 612, 616 (5th Cir. 2008). (the period is tolled for the length of time the motion is pending).

To be timely, Wilson's federal habeas petition must have been filed by May 29, 2008. Wilson, however, did not file this petition until November 9, 2010, when he presumably delivered it to prison officials for mailing. *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (mailbox rule is applicable to pro se prisoners). His petition was, thus, filed 894 days beyond the expiration of the one-year limitations period.

In response to the motion to dismiss, Wilson argued that new evidence is available which was unknown to him previously.[1] He specifically attacked the credibility of Dr. Steven Hayne. For two reasons his argument fails.

First, the documents upon which Wilson relied to support the newly discovered evidence claim were available to him prior to the expiration of the running of the statute of limitations. Wilson cites to *Edmonds v. State*, 955 So. 2d 787 (Miss. 2007) which was issued on May 10, 2007. He next refers to an article dated February 14, 2008, and a press release dated April 8, 2008. In order to take advantage of the new discovered evidence a petitioner must show that he has acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). Each document referred to by Wilson was readily available to him prior to May 29, 2008, when the statute of limitations expired. As a result, he cannot show that he acted diligently in discovering this "evidence."

Secondly, the substantive argument has been expressly rejected by the Mississippi State Supreme Court. *See Lima v. State*, 7 So. 3d 903 (Miss. 2009). Wilson attempted to impinge Dr. Hayne's expert designation with his claim.[2] Since the *Edmonds* holding, Dr. Hayne's qualifications as an expert witness as a pathologist have been consistently upheld. *See Moffett v. State*, 49 So. 3d

---

[1] Instead of filing a response to the motion to dismiss, Wilson filed a motion to amend his petition. Leave to amend is generally to be given freely. In this case however, the motion to amend was filed in response to the motion to dismiss. The motion to amend will be denied as untimely.

[2] The court notes this argument is based upon a essentially a state evidentiary issue which is not appropriate for federal habeas review. *Smith v. Phillips*, 455 U.S. 209, 221, 102 S. Ct. 940, 948, 71 L. Ed. 2d 78 (1981).

1073, 1111 (Miss. 2010). Not only has the petitioner failed to act diligently, his claim also has no merit. He, therefore, may not take advantage of the factual predicate exception in § 2244(d)(1)(D).

Thus, the petition is untimely unless the Petitioner can demonstrate that the one-year limitations period should be tolled. A petitioner must cite "rare and exceptional" circumstances to warrant equitable tolling, or that he was actively misled or prevented in some extraordinary way from asserting his rights. *Ott v. Johnson*, 192 F.3d 510, 513- 514 (5th Cir. 1999).

Wilson has not alleged the existence of any "rare and exceptional" circumstances that would permit the court to consider his petition. The doctrine of equitable tolling will not be used to breath life into his untimely habeas claims. For all of the foregoing reasons, the petition is untimely and will be dismissed with prejudice.

A final judgment in accordance with this opinion will be entered.

THIS the 14th day of April, 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE